UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TINGYUE YUE,                                                                                    PLAINTIFF

vs.                                                                    CASE NO.: 3:20-cv-398-CWR-FKB

WASABI SUSHI & GRILL,
HOLY CRAB LLC, and
WEI HUANG (aka: EASON HUANG),
Individually                                                                                    DEFFENDANTS

---

FAIR LABOR STANDARDS ACT VERIFIED COMPLAINT
JURY TRIAL DEMANDED

---

Plaintiff, TINGYUE YUE ("Plaintiff"), was an employee of Defendants, WASABI SUSHI & GRILL, (hereinafter "WASABI"); HOLY CRAB LLC (hereinafter "HOLY"); and WEI HUANG (aka EASON HUANG), Individually (hereinafter "HUANG"), hereinafter collectively referred to as "Defendants" and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

NATURE OF LAWSUIT

1. This an action by the Plaintiff against her former employers for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended 29 U.S.C.§ 216(b) (the "FLSA"). Plaintiff seeks liquidated damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P.57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C.§2201.

## JURISDICTION AND VENUE

2. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory felief, and reasonable attorney's fees and costs.

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§1337 and the FLSA, 29 U.S.C.§216(b).

4. Venue is proper in this Court because Plaintiff worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation within the District, and because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within the District.

5. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgement Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

6. Plaintiff, Tingyue Yue, worked as a cook and in various other positions, including food preparation and performed related activities for Defendants in Madison County, Mississippi.

7. Defendant, Wasabi, is a company that operates and conducts business in, among others, Madison County, Mississippi.

8. Defendant, Holy, is a company that operates and conducts business in, among others, Madison County, Mississippi.

9. Defendant, Huang, is an individual who, upon information and belief, lives and resides in the State of Mississippi, and conducts business in Madison County, Mississippi.

10. Upon information and belief, Wei Huang, is an individual resident of the State of Mississippi, who owns and operates Wasabi Sushi & Grill and Holy Crab LLC, and who regularly exercised the authority to: (a) hire and fire employees of Wasabi and Holy; (b) determine the work schedules for the employees of Wasabi and Holy; and (c) control the finances and operations of Wasabi and Holy; and, by virtue of having regularly exercised that authority on behalf of Wasabi and Holy, Wei Huang is an employer as defined by 29 U.S.C. §201, *et seq.*

## FACTUAL ALLEGATIONS

11. Plaintiff was hired from December 2017 and until January 2019.

12. Plaintiff worked as a non-exempt "food preparer" for Defendants and performed related activities at primarily the location of Wasabi.

13. Plaintiff was promised to be paid $750.00 per week.

14. Plaintiff typically worked six days a week. The off-day was either Monday or Tuesday of the week.

15. For a weekday, Plaintiff started at 10:30 am and worked to 10:30 pm. For Fridays and Saturdays, Plaintiff started at 10:30 am and worked to 11:30 pm. For Sundays, Plaintiff started at 10:30 am and worked to 10:30 pm.

16. Plaintiff was not provided uninterrupted lunch breaks.

17. As a result, Plaintiff worked 73 hours per week.

18. In the weeks of November 10 2018, November 17 2018, and December 1 2018, Plaintiff worked seven days a week with the following schedule: Monday through Thursday, 10:30 a.m. to 10:30 p.m.; and Friday to Sunday 10:30 a.m. to 11:00 p.m., total 85 hours per week.

## COUNT ONE
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST ALL DEFENDANTS

19. Plaintiff reincorporates and readopts all allegations contained with Paragraphs 1-18 above.

20. Plaintiff is entitled to be paid at least time and one half his regular rate of pay for all hours worked over forty (40) hours within a workweek during his employment with Defendants.

21. Plaintiff demanded proper compensation for all weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for the same.

22. Plaintiff has made several complaints about not being paid overtime at a rate of time and one half, however, Defendants failed and/or refused to rectify the matter with Plaintiff.

23. Defendants willfully failed to pay Plaintiff overtime wages for all weeks of work.

24. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of overtime wages for all weeks of work with Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours for hours worked by him for which Defendants did not compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II-DECLARATORY RELIEF AGAINST ALL DEFENDANTS

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

26. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C.§1331, as a federal question exists.

27. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-02.

28. Plaintiff may obtain declaratory relief.

29. Defendants jointly employed Plaintiff.

30. Defendant, Wei Huang, is an individual employer as defined by 29 U.S.C. § 201, *et seq*.

31. Plaintiff was individually covered by the FLSA.

32. Defendants failed to properly pay Plaintiff for all the hours worked.

33. Plaintiff is entitled to overtime pursuant to 29 U.S.C.§207(a)(1).

34. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29C.F.R. Part 516.

35. Defendants did not rely on a good faith defense.

36. Plaintiff is entitled to an equal amount of liquidated damages.

37. It is in the public interest to have these declarations of rights recorded.

38. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

39. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

DATED, this 15th day of June 2020.

    Respectfully submitted,
    TINGYUE YUE, PLAINTIFF

    /s Nick Norris
    NICK NORRIS (MB# 101574)
    LOUIS H. WATSON, JR. (MB# 9053)

    ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Email: nick@watsonnorris.com
Web: www.watsonnorris.com